UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:21-cr-00061-LEW |
| | ) | |
| NATHAN REARDON, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION REGARDING CJA APPOINTMENT**

The Government moves to determine whether the Court's order appointing counsel to represent Defendant should continue. (Motion, ECF No. 17.) Following a review of the motion and after consideration of the relevant issues, the Court dismisses without prejudice the Government's motion.

### DISCUSSION

The Government filed a criminal complaint against Defendant on April 8, 2021, charging him with bank fraud and attempted wire fraud in connection with applications Defendant submitted for Paycheck Protection Program loans and disbursement of federally-funded Economic Injury Disaster Loans. (Complaint, ECF No. 1.) On April 13, 2021, Defendant requested court-appointed counsel through the filing of a financial affidavit. Upon review of the affidavit, the Court approved Defendant's request and appointed counsel to represent Defendant. (Order, ECF No. 7.)

On May 13, 2021, in an eleven-count indictment, Defendant was charged with bank fraud, attempted bank fraud, making false statements to a bank, and perjury. (Indictment, ECF No. 20.) The perjury count alleges that Defendant's statements on the financial

affidavit are inconsistent with a written statement Defendant made under penalty of perjury on April 15, 2021, in the U.S. Bankruptcy Court for the District of Maine (Docket No. 1:21-bk-10097). (*Id*. ¶¶ 21-25.)

Through its motion, the Government asks the Court, with the information provided in the bankruptcy proceeding, to assess whether Defendant is financially able to retain counsel.[1] Defendant contends a substantive response to the Government's motion would implicate his Fifth Amendment rights particularly as to the perjury charge and would effectively shift the burden of proof on the perjury charge to Defendant. (Response at 2, ECF No. 30.) The Government asserts that to determine whether Defendant is eligible for court-appointed counsel, the Court need only review Defendant's statements in the bankruptcy matter, and thus Defendant's Fifth Amendment rights are not implicated. (Reply at 2, ECF No. 31.)

"The Fifth Amendment declares in part that 'No person … shall be compelled in any Criminal Case to be a witness against himself.'" *Hoffman v. U.S*., 341 U.S. 479, 485-86 (1951) (quoting U.S. Const. amend. V). "The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to

---

[1] The right to counsel is guaranteed by the Sixth Amendment. U.S. Const. amend. VI; *Gideon v. Wainwright*, 372 U.S. 335 (1963). This right is fundamental: "a fair trial in our adversary system of criminal justice cannot be assured if the defendant is unrepresented." *U.S. v. Gravatt*, 868 F.2d 585, 591 (3d Cir. 1989). Pursuant to the Criminal Justice Act of 1964 (CJA), 18 U.S.C. § 3006A, a district court is authorized to appoint counsel for a defendant "if satisfied after appropriate inquiry that the person is financially unable to obtain counsel." 18 U.S.C. § 3006A(b). "The burden rests on the defendant to 'establish insufficient financial means to employ counsel.'" *U.S. v. Cameron*, 697 F. Supp. 2d 126, 128 (D. Me. 2010) (quoting *U.S. v. Foster*, 867 F.2d 838, 841 (5th Cir. 1989)).

prosecute the claimant for a federal crime." *Id.*, 341 U.S. at 86. "'To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled.'" *U.S. v. Bokhari*, 185 F. Supp. 3d 254, 264 (D. Mass. 2016) (quoting *U.S. v. Hilsen*, No. 03 CR.919(RWS), 2004 WL 2284388, at *2 (S.D.N.Y. Oct. 12, 2004)).

As part of the determination of whether Defendant is financially able to retain counsel, the Court must assess which of Defendant's statements regarding his financial statement are accurate. In addition, if the Court concluded the information provided in the bankruptcy proceeding regarding Defendant's business income was accurate, the Court would also have to explore the extent and validity of any business expenses Defendant claims. The Court's assessment would likely require an explanation by and further information from Defendant. A directive by the Court that Defendant provide additional financial information would have "the result of requiring a communication that is compelled and testimonial." *Bokhari*, 185 F. Supp. 3d at 264.

"[N]umerous courts have acknowledged the tension between a defendant's Fifth and Sixth Amendment rights in the related context of the requirement that a defendant disclose financial information to obtain court-appointed (CJA) counsel" in some circumstances. *Bokhari*, 185 F. Supp. 3d at 265 (citing, e.g., *U.S. v. Hyde*, 208 F. Supp. 2d 1052, 1057 (N.D. Cal. 2002) (financial affidavit to obtain appointed counsel compelled testimony where defendant charged with mail fraud, health care fraud and money laundering); *U.S. v. Hickey*, 997 F. Supp. 1206, 1208-09 (N.D. Cal. 1998) (motion to unseal financial affidavits denied where defendants charged with mail fraud, wire fraud and securities fraud because of substantial risk of self-incrimination)). Given the nature of the

criminal charges asserted against Defendant, further proceedings to determine Defendant's ability to retain counsel would implicate Defendant's Fifth Amendment rights.

Furthermore, because Defendant is charged with perjury related to his financial affidavit, an inquiry into Defendant's eligibility for CJA counsel at this time would likely require the Court to assess issues and make findings that are central to the perjury charge. Whether Defendant's statements in this proceeding and in the bankruptcy proceeding are accurate should be assessed in the first instance at the trial on the perjury charge.

The Court, therefore, will not conduct further proceedings on Defendant's eligibility for CJA counsel at this time. The issue, however, can be revisited at the conclusion of this matter. As the Court in *Cameron* noted, "[t]he Guide to Judiciary Policy provides that '[a]ny doubts as to a person's eligibility [for a CJA appointment] should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time.'" 697 F. Supp. 2d at 130 (quoting *Guide to Judiciary Policy*, Vol. 7, Pt. A, Ch. 2, § 210.40.30(b)).

## CONCLUSION

Based on the foregoing analysis, the Court dismisses without prejudice the Government's motion regarding the CJA appointment.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of August, 2021.