UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATHAN REARDON, | ) | No. 1:21-cr-00061-LEW |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO RELOCATE TRIAL**

Defendant, Nathan Reardon, has requested that the trial in this case be relocated to Portland to avoid ostensible prejudice to him resulting from Bangor-area media coverage of his alleged misdeeds. *See* Def.'s Mot. (ECF No. 98). Taking into consideration the convenience of the parties and the interest of justice, I decline Reardon's request.

A district court has the authority to relocate a trial within a judicial district, and need not be guided by where the events giving rise to the case occurred. *See United States v. Cates*, 485 F.2d 26, 28 (1st Cir. 1974). Intradistrict transfers to avoid prejudice are not governed by the rules for changes of venue between judicial districts. *See* Fed. R. Crim. P. 21 advisory committee's note to 1966 amendments. Rather, the decision falls within my discretion to "set the place of trial . . . with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. This discretion naturally includes concerns for fairness and due process, including the discretion to relocate a trial if media coverage has been "so dense that a defendant cannot

1

possibly receive an impartial trial." *U.S v. Quiles-Olivo*, 684 F. 3d 177, 182 (1st Cir. 2012) (discussing standard for motions to transfer between judicial districts).

Relocating Reardon's trial to Portland is unwarranted. Though Reardon has been the subject of a fair piece of unflattering publicity among Bangor-area media outlets—some of it coverage of his alleged crimes and some of it human interest stories relating to other alleged misdeeds on his part—I am unconvinced that this coverage has been so pervasive or sensational as to make a fair trial impossible. The jury selection process is designed to ferret out such prejudice, and the First Circuit has repeatedly emphasized that a "probing voir dire examination is the best way to ensure that jurors do not harbor biases for or against the parties." *Sampson v. United States*, 724 F.3d 150, 163–64 (1st Cir. 2013) (cleaned up). As a related point, I fail to see how relocating to Portland would meaningfully lessen the jury's familiarity with Reardon's alleged transgressions. Despite the "Two Maines" theory, the Bangor and Portland media markets, though small and separated by about one hundred miles, are not hermetically sealed thanks to the modern convenience of the internet. This information fluidity causes an imprecise overlap between the geographic areas from which jury pools are gathered for each of our federal courthouses. Residents of Bowdoinham are as likely to know what's happening in Bradford as are residents of LaGrange to keep tabs on the happenings in Lisbon Falls.

Finally, the trial participants, attorneys, any likely witnesses, and the defendant himself all hail from the Bangor area, which militate strongly in favor of holding the trial in Bangor.

Reardon's request that his trial be relocated to Portland is DENIED.

**SO ORDERED.**

Dated this 22nd day of June, 2022.

                                            /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE