UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATHAN REARDON, | ) | No. 1:21-cr-00061-LEW |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO SEVER**

Defendant, Nathan Reardon, stands before the court charged with ten counts arising from his allegedly fraudulent applications for Paycheck Protection Program loans and Economic Injury Disaster Loans, as well as one count of perjury for allegedly false statements that he made on his application for court-appointed counsel in this case. *See* Indictment (ECF No. 20). Defendant now moves to sever the perjury count from the fraud counts, arguing that trying all eleven counts simultaneously would prejudice him by inviting an impermissible propensity inference that a defendant who lies in one instance is likely also to have lied in other instances. *See* Def.'s Mot. (ECF No. 99).

To start, the counts against Defendant are sufficiently factually related to be joined in a single case. Separate counts that are "based on the same act or transaction" or "constitute part of a common scheme or plan" may be tried simultaneously even if they involve legally unrelated offenses. Fed. R. Crim. P. 8(a). Though Defendant's alleged perjury did not arise in the course of his allegedly fraudulent loan applications, the fact that he allegedly perjured himself in the course of the government's investigation and

1

prosecution of those claims is a sufficient factual nexus for the cases to be joined in a single proceeding. *See United States v. Stackpole*, 811 F.2d 689, 693 (1st Cir. 1987) (permitting count for obstruction of justice with respect to investigation into arson to be joined with underlying arson count). *See also United States v. Duzac*, 622 F.2d 911, 913 (5th Cir. 1980) (permitting joinder of perjury count based on false statements made during travel of case); *United States v. Barney*, 568 F.2d 134, 135–36 (9th Cir. 1978) (same).

Severance may nonetheless be warranted if joinder of the offenses poses such a risk of prejudice as to deprive Defendant of his right to a fair trial. *See* Fed. R. Crim. P. 14(a). Though "some prejudice almost necessarily results" when "similar but unrelated offenses are jointly charged to a single defendant," *Cupo v. United States*, 359 F.2d 990, 993 (D.C. Cir. 1966), the mere fact that a defendant has been charged with multiple offenses does not justify severing the counts. The First Circuit has recognized three sources of prejudice meriting severance of criminal counts, of which two are relevant here.[1] First, severance may be warranted in cases of prejudicial spillover, where "proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense." *United States v. Scivola*, 766 F.2d 37, 41–42 (1st Cir. 1985) (cleaned up). Second, severance may be warranted in cases of testimonial prejudice, where "a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither." *Id.* at 42.

---

[1] Though courts in this Circuit also recognize a need to sever criminal proceedings where "the defendant may become embarrassed or confounded in presenting separate defenses," *United States v. Scivola*, 766 F.2d 37, 41 (1st Cir. 1985*)*, Defendant does not suggest that such a risk is present in this case.

Trying all of the charges against Defendant in a single proceeding poses only a minimal risk of prejudicial spillover that does not merit severing the counts. Defendant argues that evidence supporting the perjury charge is irrelevant to the fraud charges, while being highly prejudicial inasmuch as it suggests a propensity to lie on official documents. To be sure, had the government not added the perjury count to this case, evidence of Defendant's alleged perjury would likely be barred by the Federal Rules of Evidence. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."), 403 (permitting exclusion of evidence whose prejudicial value substantially outweighs probative value). But the situation in this case—where evidence is relevant to one count but not others—is a routine occurrence that can be remedied by jury instructions. Juries are "clearly capable of discriminating among the evidence applicable to" different counts in a case, especially when aided by "appropriate limiting instructions." *United States v. Edgar*, 82 F.3d 499, 504 (1st Cir. 1996). Likewise, to the extent that a determination that Defendant is guilty of perjury would invite the impermissible inference that he also committed fraud, it is well within the competence of jury members and of this Court to ensure that the jury's deliberations remain uninfluenced by such prejudicial spillover.

Nor has Defendant plausibly shown that he faces a risk of testimonial prejudice. To make such a showing, Defendant bears the burden of providing "enough information" to establish that "he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Scivola*, 766 F.2d at 43. But Defendant has made no such showing; indeed, he has not provided *any* information regarding the importance of his testimony or his need to refrain from testifying, instead offering the

3

vague suggestion that he "may wish" to testify as to one count but not the other. Def.'s Mot. 4. This argument sounds in preference, not prejudice; and while Defendant has a right not to testify against himself in a criminal proceeding, he does not have a judicially enforceable right to "testify selectively." *United States v. Alosa*, 14 F.3d 693, 695 (1st Cir. 1994).

Defendant's Motion to Sever Count Eleven is therefore DENIED.

**SO ORDERED.**

Dated this 27th day of June, 2022.

                                              /s/ Lance E. Walker
                                          UNITED STATES DISTRICT JUDGE