UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATHAN REARDON, | ) | No. 1:21-cr-00061-LEW |
| | ) | |
| Defendant. | ) | |

### ORDER ON MOTION TO REOPEN DETENTION HEARING

Defendant, Nathan Reardon, stands before the court charged with multiple offenses stemming from his allegedly fraudulent applications for pandemic-related financial assistance. Defendant was initially released pending trial, but his bail was revoked on April 21, 2022, after he violated the conditions of his release by applying for pandemic-related financial assistance without first seeking approval to do so. At that time, the Magistrate Judge determined that there was no condition or combination of conditions that would assure Defendant's compliance with the conditions of his release, which order I affirmed. Defendant now asks me to reconsider that order, by way of a request to reopen his detention hearing.[1] *See* Def.'s Mot. (ECF No. 102).

A hearing to set the conditions of release "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant

---

[1] Defendant has also appealed to the First Circuit my order affirming the magistrate judge's revocation of his pretrial release. *See* ECF No. 101. Defendant's appeal generally would divest this court of jurisdiction over "any matter touching upon, or involved in, the appeal," *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993), including the core issue of whether Defendant should be detained pending trial. Still, I retain the authority to deny Defendant's motion notwithstanding his pending appeal. *See* Fed. R. Crim. P. 37(a)(2).

1

at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."[2] 18 U.S.C. § 3142(f). In order to warrant a reopened hearing, then, the proffered information must satisfy two conditions: it must be new, and it must be material.

Defendant's motion does not meet either requirement. First, the information about Defendant's health conditions may be new to the Court, but it is not new to Defendant, who was aware of these diagnoses at the time of his revocation hearing on April 21. *See* Medical Problem List (ECF No. 102-1). Second, the health conditions of which Defendant complains are not material to the question of whether any conditions of release would be sufficient to assure his future appearances and the safety of others. Indeed, courts around the country have repeatedly rejected motions to reopen detention hearings based on defendants' health issues, including since the start of the COVID-19 pandemic. *See, e.g.*, *United States v. Rowe-Hodges*, 454 F. Supp. 3d 618, 620 (E.D. Tex. 2020); *United States v. Smith*, 337 F.R.D. 366, 369 (N.D. Fla. 2020); *United States v. Ramadan*, 458 F. Supp. 3d 657, 662 (E.D. Mich. 2020), *aff'd,* No. 20-1450, 2020 WL 5758015 (6th Cir. Sept. 22, 2020).

To the extent that Defendant's motion rests on his vague intimation of a "new plan for release that includes no internet access," Def.'s Reply 2 (ECF No. 112), it is no more availing. The possibility of Defendant refraining from internet use is a matter not of

---

[2] I assume without deciding that this standard applies to a request to reopen a hearing to revoke a defendant's release, while noting that § 3142 only refers to requests to reopen hearings setting the conditions of a defendant's release or detention.

Defendant's knowledge, but of his will, and so cannot be considered new information; that Defendant has had a change of heart after suffering the consequence of his bail violation does not entitle him to a new hearing on the matter. What's more, Defendant's suggestion lacks the specificity to bear materially on this Court's consideration of the conditions of release.

Defendant's Motion to Reopen Detention Hearing is therefore DENIED.

**SO ORDERED.**

Dated this 30th day of June, 2022.

                                         /s/ Lance E. Walker
                                         UNITED STATES DISTRICT JUDGE