UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00061-LEW |
| | ) | |
| NATHAN REARDON, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO RECUSE**

Defendant Nathan Reardon, proceeding pro se, seeks my recusal in this matter. (Letter Motion, ECF No. 210.)  Defendant believes my recusal is called for because my decisions concerning his detention and the terms of his release have been unnecessarily harmful to him, his family, and his livelihood, and because, at his resentencing, I described him as a narcissist even though there was no such diagnosis in evidence.

Federal law provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  A judge must also recuse when he harbors a "personal bias or prejudice concerning a party." *Id.* § 455(b)(1).

"The proper test … is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge [] or even necessarily in the mind of the litigant filing the motion …, but rather in the mind of the reasonable [person]." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 983 (1st Cir. 1989) (quoting *United States v. Cowden*, 554 F.2d 257, 265 (1st Cir. 1976)).

"Prior adverse rulings alone cannot, of course, be the basis for a motion to recuse." *Id.* at 984. Furthermore, a judge has a duty not to recuse . . . if there is no objective basis for recusal." *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006).

Defendant's request for recusal rests heavily on the issuance of adverse rulings, curtailment of his access to firearms, and a temporary prohibition against self-employment while he serves out the term of his supervised release. Defendant's request does not rest on an accusation of my partiality toward the government, nor evidence capable of causing a reasonable person to believe that I harbor a personal bias against him. The sentencing rulings that have so upset Reardon have been imposed as a consequence of his conduct and behavior (including a road rage incident involving a gun, violation of the conditions of release, and the underlying fraud that informs the indictment), not personal bias or prejudice. Because there is no legal basis for recusal the Motion is DENIED. (ECF No. 210).

**SO ORDERED.**

Dated this 2nd day of October, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge