UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 1:21-cr-00061-LEW |
| ) | |
| NATHAN REARDON, ) | |
| ) | |
| Defendant ) | |

**ORDER**

The matter is before the Court on five motions filed by Nathan Reardon. Two motions challenge the terms and duration of his supervised release. Mot. to Modify Condition of Sup. Rel. (ECF No. 230); Mot. for Early Term. of Sup. Rel. (ECF No. 239). Two others seek the return of two guns and a passport. Mot. for Return of Prop. (ECF No. 231); Motion for Joinder (ECF No. 237). The last raises a legal challenge to the prospective application of 18 U.S.C. § 922(g) to Reardon based on his non-violent felony conviction. Mot. for Decl. J. and Inj. Relief (ECF No. 232).

The Motions are resolved below, following a background narrative.

**Background**

On November 3, 2022, I sentenced Reardon to a term of imprisonment of 20 months to be followed by a term of supervised release of three years, following Reardon's guilty plea to five counts of bank fraud in violation of 18 U.S.C. § 1344. Judgment (ECF No. 159). A standard condition of supervised release requires Reardon to answer truthfully questions asked by his probation officer. *Id.*, Std. Cond. 4. Another prohibits Reardon's ownership, possession, and access to firearms or other dangerous weapons, including stun guns. *Id.*, Std. Cond. 10. The standard condition pertaining to weapons is not merely a condition imposed because of an

underlying felony conviction. It is also imposed for the protection of the public and the officers of the U.S. Office of Probation and Pretrial Services for the duration of supervision. The Judgment also includes special conditions of supervised release. One requires Reardon to give his probation officer any requested financial information. *Id.*, Spec. Cond. 1. Another prohibits Reardon from incurring new debts or seeking new lines of credit. *Id.*, Spec. Cond. 3. Another prohibits Reardon from being self-employed and requires him to maintain continuous employment by a disinterested third party. *Id.*, Spec. Cond. 6. Yet another requires Reardon to participate and comply with the requirements of the Computer and Internet Monitoring Program. *Id.*, Spec. Cond. 7. I imposed the special conditions due to the nature of Reardon's criminal conduct, which involved fraudulent applications for pandemic-related government business loans. Reardon appealed the Judgment. Nov. 11, 2022, Notice of Appeal (ECF No. 161).

Reardon started supervised release in July of 2023. In August of 2023, Reardon was detained pending a revocation hearing. Order of Detention (ECF No. 176). At the hearing, Reardon's probation officer testified concerning certain violations of the terms of supervised release. Among other concerns, Reardon was not complying with the requirement to provide truthful financial disclosures. Additionally, the probation officer discovered a handgun and a taser in Reardon's family residence during a search. (There was also a handgun in a vehicle in the driveway, but evidently it was Reardon's father's vehicle). Another concern involved information and evidence that Reardon was continuing to engage in self-employment through one or more companies holding rental properties, despite the special condition prohibiting the same. Tr., Test. of Mitchell Oswald (ECF No. 182).

On October 16, 2023, I entered judgment (ECF No. 185) on the motion to revoke (ECF No. 184), based on Reardon's admission of guilt to violation of Standard Condition 4 and Special

Conditions 1, 3, and 6. The Government withdrew the charge of violating the prohibition on guns, but it has maintained possession of two firearms that are the subject of Reardon's motions seeking the return of property (ECF Nos. 231, 237). I imposed a nine-month sentence due to Reardon's violations, to be followed by a 25-month term of supervised release, subject, again, to the standard and special conditions discussed above, among other conditions. Rev. J. (ECF No. 185). Reardon appealed. Oct. 16, 2023 Notice of Appeal (ECF No. 187).

On May 23, 2024, the First Circuit returned its Judgment on Reardon's initial appeal (ECF No. 194). It affirmed the sentence but remanded for an "explanation for why [the prohibition on self-employment] was the minimum restriction necessary to protect the public." *United States v. Reardon*, 102 F.4th 558, 559 (1st Cir. 2024); *see also* First Cir. Op. and J. (ECF Nos. 193-194). On July 23, 2024, following a sentencing hearing, I issued an Amended Judgment. Am. J. (ECF No. 201). Reardon appealed. Aug. 5, 2024 Notice of Appeal (ECF No. 203).

On August 5, 2024, the First Circuit rejected Reardon's appeal of "his top-of-the-range sentence following the revocation of a term of supervised release" and affirmed the revocation sentence. *United States v. Reardon*, 111 F.4th 142, 144 (1st Cir. 2024); *see also* First Cir. Op. and J. (ECF Nos. 204-205).

On October 2, 2024, Reardon moved for my recusal, which I denied. Mot. to Recuse (ECF No. 210); Order on Mot. to Recuse (ECF No. 214). Reardon appealed. Oct. 28, 2024 Notice of Appeal (ECF No. 218). That matter remains pending before the First Circuit.

Following completion of his second term of incarceration, Reardon has served roughly one-half of the most-recent 25-month term of supervised release, without incident. In March and April of 2025, Reardon filed the pending motions.

## DISCUSSION

A.  **Supervised Release**

Reardon requests that the Court modify the conditions of his supervised release to remove a prohibition against self-employment and a requirement that Reardon submit to computer and internet monitoring. Defendant's Motion to Modify Conditions of Supervised Release (ECF No. 230). In another, more recent motion, Reardon requests that the Court terminate his supervised release based on good behavior and a desire to increase his earning capacity to better contribute to his family and to make headway in his effort to pay reimbursement. Def.'s Mot. for Early Term. (ECF No. 239).

Federal sentencing law states that the sentencing court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," provided that the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The sentencing court may also modify or reduce conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." *Id.* § 3583(e)(2). When considering such action, the statute instructs courts to proceed "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation." *Id.* For a modification, the court is instructed to consider, as well, "the provisions applicable to the initial setting of the terms and conditions of post-release supervision." *Id.* Whether considering a termination or a modification request, the Court must also consider a set of relevant sentencing factors under § 3553(a). *Id.* § 3583(e). These are the nature and circumstances

of the offense and history and characteristics of the defendant, deterrent effect, protection of the public, provision of needed training and care or correctional treatment to the defendant, kinds of sentence and sentencing range advised by the Sentencing Commission, any pertinent Commission policy statement, avoiding sentence disparities, and the need for restitution. *Id.* §§ 3553(a), 3583(e).

Upon consideration of these factors, I reject the request for early termination of supervised release (ECF No. 239). I do not believe that early termination is warranted, especially as Reardon's second term of incarceration already reduced his term of supervision. Additionally, releasing Reardon from supervision at this time would undermine the deterrent effect of sentencing and the need for supervision to protect the public. Furthermore, the characteristics of the defendant, in particular his umbrage at the idea that he deserves deterrence or poses a threat to the public, and his upset at the terms of his sentence, similarly militate against the early termination of supervision. For the same reasons, I also reject the request for removal of the special condition requiring participation and compliance in the Computer and Internet Monitoring Program.

As for Special Condition 6, which prohibits self-employment and requires employment by a third party, I am persuaded that this condition can and should be modified to lessen the burden on Reardon by allowing for him to increase his income, better support his family, and pay restitution. I also perceive that the total prohibition of self-employment has posed special difficulties for Reardon to the extent that he has historically earned income through rental properties. Despite this, Reardon has worked to comply with the requirement for roughly one year and I am persuaded that he has demonstrated personal progress in this regard. His interest in rehabilitation is also evident, particularly in regard to his desire to pay restitution. Accordingly, in the interest of substantial justice and mindful of the need to ensure deterrent effect, protect the

public, and account for the characteristics of the defendant, Special Condition 6 is modified as follows:

> 6) Defendant shall not be self-employed other than in the business of rental property ownership and management. Concurrently, he shall maintain continuous employment by a disinterested third party. Defendant shall not open any new businesses, sole proprietorships, partnerships, limited partnerships, or corporations, except as necessary to reestablish himself in the aforementioned business of rental property ownership and management.

**B.      Return of Property**

Reardon seeks the return of two firearms taken by his probation officer following a search of his premises (ECF No. 231). He states that one firearm is owned by his wife and the other by his father. In reaction to the Government's response that Reardon's family members are required to file their own motions for recovery of their firearms, Reardon has filed a motion to join them in this criminal case.

Reardon's Motion for Joinder (ECF No. No. 237) is DENIED without prejudice to the wife or father's interest in recovering the firearms. Reardon's Motion for Return of Property (ECF No. No. 231) is DENIED, as his pleading establishes that he is not the party with the ownership interest. To the extent Reardon seeks to recover his passport, he may do so without filing a motion under Fed. R. Crim. P. 41, so that request is DENIED, as moot.

**C.      Declaratory and Injunctive Relief**

Reardon's Motion for Declaratory Judgment and Injunctive Relief to Restore Second Amendment Rights (ECF No. No. 232) is DENIED within the context of this criminal case. The denial is without prejudice to Reardon's ability to pursue such relief in a civil action.

## CONCLUSION

Consistent with the foregoing, Defendant's Motion for Early Termination (ECF No. 239) is DENIED and Defendant's Motion to Modify Conditions of Supervised Release (ECF No. 230)

6

is GRANTED IN PART and DENIED IN PART. Special Condition 6 is modified as set forth in the body of this Order.

Defendant's Motion for Joinder (ECF No. No. 237) and Motion for Return of Property (ECF No. 231) are DENIED.

Defendant's Motion for Declaratory Judgment and Injunctive Relief to Restore Second Amendment Rights (ECF No. No. 232) is DENIED.

SO ORDERED.

Dated this 29th day of April, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge