UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHAN REARDON | No. 1:21-cr-00061-LEW |

**OPPOSITION TO MOTION TO RECUSE**

The Government, by and through undersigned counsel, opposes Defendant Nathan Reardon's Motion for Recusal of the Honorable Lance E. Walker. Dkt. #243, May 8, 2025 (the "Motion" or "Mot.").[1] The Court should deny the Motion as frivolous.

Defendant submits that during his "sentencing proceedings" the Court "admitted on the record to being influenced by extrajudicial media reports, specifically coverage by the Bangor Daily News." Mot. at 1. The Court, Defendant contends, purportedly "relied upon community perceptions fueled by these media reports when forming opinions about [Defendant's] character, culpability, and violation severity." *Id.* at 2. Defendant's recusal request—although filed in his underlying criminal docket—seeks recusal "from [his] § 2255 proceeding. *See id.* at 2; *see also* Civil Docket 1:25-cv-00232-LEW (pending § 2255 matter).

Defendant's claims of "extrajudicial influence" are belied by the record. At Defendant's initial sentencing on November 2, 2022, the Court "adopt[ed] the revised presentence investigation report in its entirety as constituting [its] findings." *See* Sentencing Tr. at 41, Dkt. #166. At Defendant's supervised release revocation sentencing on October 13, 2023, the Court "adopt[ed] the [revocation] report in its entirety as

---

[1] This is Defendant's second recusal motion. *See* Dkt. ##210, 214.

1

constituting [its] findings," and "reviewed that report and [took] the contents of that report into account. . . in determining a sentence." *See* Revocation Sentencing Tr. at 21, Dkt. #192. No mention was made in either proceeding to "extrajudicial media reports," the Bangor Daily News, or any other news media coverage. What Defendant may be referencing is his resentencing on remand, which occurred on July 23, 2024, for which no transcript is presently available. Dkt. #200. Even if reference was made to news coverage of Defendant's repeated criminal conduct during his resentencing, however, that proceeding was in no way influenced—Defendant received the same sentence then as he did on the first go-around. *Compare* Dkt. #200 (July 23, 2024), *with* Dkt. #155 (Nov. 2, 2022).

No basis for recusal therefore exists under the general standard of 28 U.S.C. § 455. *See id.* § 455(a) ("[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"). While the statute "forbids not only the reality of partiality but its objective appearance as well," *see United States v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000), such concerns are wholly absent from this case.

Defendant's fallback argument that the Court "has 'personal knowledge of disputed evidentiary facts concerning the proceeding'" is similarly baseless. Mot. at 2 (citing 28 U.S.C. § 455(b)(1)). "Facts learned by a judge while acting in his judicial capacity"—which are the only facts at issue here—"cannot serve as a basis for disqualification on account of personal bias." *United States v. Kelley*, 712 F.2d 884, 889 (1st Cir. 1983). Nor, relatedly, are there any conceivable circumstances under which the Court could later be a witness to any proceeding here. Defendant has not shown that the Court has special knowledge of any evidentiary facts, much less identified an actual

dispute. Defendant's § 455(b)(1) challenge fails for this reason, "otherwise, [he] or any other [litigant] could engage in endless judge shopping merely by claiming" personal bias or prejudice. *See Kuperman v. New Hampshire*, 09-cv-66-JD, 2009 WL 1026413, at *2 (D.N.H. Apr. 15, 2009).

Finally, the Government emphasizes that this Motion is part of a broader effort by Defendant to frivolously relitigate his underlying criminal case. *See, e.g.*, Order, Dkt. # 241 at 1, Apr. 29, 2025 (disposing of five motions filed by Defendant in 1:21-cr-00061-LEW). In this single calendar year alone, Defendant also has filed eight related civil actions, naming as defendants the Chief U.S. District Judge, U.S. Probation Officers, the former United States Attorney, the undersigned Assistant United States Attorney, the United States of America, the Bangor Daily News, and various John Does. *See* D. Me. Dockets 1:25-cv-00154-LEW, 1:25-cv-00232, 1:25-cv-00187-NT, 1:25-cv-00188-MSM, 1:25-cv-00191-NT, 1:25-cv-00235, 1:25-cv-00243, and 1:25-cv-00244-NT. Defendant's status as a serial litigator may warrant the imposition of filing restrictions, in order to allocate limited judicial resources and promote the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989) ("[t]he continual processing of . . . frivolous [filings] does not promote [the interests of justice]"); *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (courts may impose filing restrictions after providing abusive litigants notice and an opportunity to be heard).

In the final analysis, the Motion presents precisely the kind of "unsupported, irrational, or highly tenuous speculation" the First Circuit has identified as being insufficient grounds for recusal. *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981); *see also United States v. Gottesfeld*, 18 F.4th 1, 17 (1st Cir. 2021) (*quoting United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000)) (recusal not required on the basis of

"remote, contingent, indirect[,] or speculative interests"). As this Court has previously ruled, "[t]he sentencing rulings that have so upset [Defendant] have been imposed as a consequence of his conduct and behavior," rather than "personal bias or prejudice." Dkt. #214 at 2, Oct. 2, 2024. Because there is no reasonable question about the Court's impartiality, the Motion should be denied.

| | |
|---|---|
| Dated: May 21, 2025<br>Bangor, Maine | Respectfully submitted,<br><br>CRAIG M. WOLFF<br>Acting United States Attorney<br><br>/s/ ANDREW K. LIZOTTE<br>Andrew K. Lizotte, AUSA<br>United States Attorney's Office<br>202 Harlow Street<br>Bangor, Maine 04401<br>(207) 262-4636<br>Andrew.Lizotte@usdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and caused a copy via first-class mail to be sent to the following:

Nathan Reardon, P.O. Box 52, Detroit, ME 04929

CRAIG M. WOLFF
Acting United States Attorney

 /s/ ANDREW K. LIZOTTE
Andrew K. Lizotte, AUSA
United States Attorney's Office
202 Harlow Street
Bangor, Maine 04401
(207) 262-4636
Andrew.Lizotte@usdoj.gov