UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHAN REARDON | No. 1:21-cr-00061-LEW |

**OPPOSITION TO "MOTION TO EXPUNGE PROBATION VIOLATION"**

The Government, by and through undersigned counsel, opposes Defendant Nathan Reardon's "Motion to Expunge Probation Violation." Dkt. #244, May 8, 2025 (the "Motion" or "Mot."). The Court should deny the Motion as frivolous. No factual or legal bases exist to "expunge" Defendant's "probation violation," by which he means his 2023 violations of the terms of his supervised release. Because Defendant misrepresents those revocation proceedings, the Government provides the below overview.

**Facts**

Probation on August 16, 2023, petitioned to revoke Defendant's supervised release and sought an arrest warrant. Dkt. # 167. Five violations were alleged:

1. Violation of Special Condition #1: Defendant shall provide the supervising officer any requested financial information.

2. Violation of Special Condition #6: Defendant shall not be self-employed and shall be continuously employed for compensation by a disinterested third party. Defendant shall not open any businesses, sole proprietorships, partnerships, limited partnerships, or corporations. Defendant shall dissolve any corporations and businesses that exist on the date of sentencing.

3. Violation of Standard Condition #10: You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

4. Violation of Standard Condition #4: You must answer truthfully the questions asked by your probation officer.

5.  Violation of Special Condition #3: Defendant shall not incur new credit charges or open additional lines of credit without the supervising officer's advance approval.

*Id.* at 1-2. An arrest warrant issued and was executed on August 24, 2023. Dkt. ##168-69. Later that same day, preliminary revocation and detention hearings were held, following which probable cause was found and Defendant was ordered detained. Dkt. ##171, 177. On September 1, 2023, Probation issued its Revocation Report, reasserting the same five violation offenses and providing additional factual support for each. Dkt. #179.

On October 13, 2023, a Final Revocation Hearing was held, at which Defendant conceded to violations 1, 2, 4, and 5. Dkt. #183. Defendant confirmed for the Court that he understood the violations. Revocation Sentencing Tr. at 6, Dkt. #192. Defendant confirmed for the Court that he admitted and did not wish to have a hearing on the violations. *Id.* Defendant "apologize[d] for what happened," to both the Court and the probation officer. *Id.* at 19. The Court sentenced Defendant to 9 months imprisonment and 25 months supervised release. Dkt. #183; *see also* Revocation Sentencing Tr. at 6-7, Dkt. #192. A Revocation Judgment issued accordingly, covering the four violations to which Defendant admitted guilt:

1.  Violation of Special Condition #1: Defendant shall provide the supervising officer any requested financial information.

2.  Violation of Special Condition #6: Defendant shall not be self-employed and shall be continuously employed for compensation by a disinterested third party. Defendant shall not open any businesses, sole proprietorships, partnerships, limited partnerships, or corporations. Defendant shall dissolve any corporations and businesses that exist on the date of sentencing.

4.  Violation of Standard Condition #4: You must answer truthfully the questions asked by your probation officer.

5.  Violation of Special Condition #3: Defendant shall not incur new credit

      charges or open additional lines of credit without the supervising officer's advance approval.

Dkt. #185 at 1-2.

Preceding these revocation proceedings, Defendant had appealed to the First Circuit for review of Special Condition #6, concerning the prohibition against self-employment. *See* Dkt. #161. On May 23, 2024, the First Circuit "vacate[d] the self-employment ban and remand[ed] to the district court for resentencing limited to a reexamination of the scope of that restriction." Dkt. #193 at 27. The First Circuit stressed that "nothing in [its] decision prohibit[ed] the re-imposition of an occupational restriction on remand that satisfies section 5F1.5's requirements." *Id.* Indeed, in remanding for re-evaluation of the scope of the self-employment restriction, the First Circuit "observe[d] that the record certainly would support a finding that an occupational restriction was warranted." *Id.* at 18.

On July 23, 2024, resentencing was held. Dkt. #200. Defendant received the same sentence then as he did initially, including the same special conditions covering the self-employment restriction. *Compare* Dkt. ##200-01 (July 23, 2024), *with* Dkt. #155 (Nov. 2, 2022).

Defendant moved on March 11, 2025, for the Court to lift the self-employment restriction. Dkt. #230. The Government opposed. Dkt. #233, Mar. 31, 2025. On April 29, 2025, the Court granted in part Defendant's motion concerning the self-employment restriction, modifying the condition to provide that "Defendant shall not be self-employed other than in the business of rental property ownership and management, and, "[c]oncurrently," requiring Defendant to "maintain continuous employment by a disinterested third party." Dkt. #241 at 5-6. This modification was made "to lessen the

burden on [Defendant] by allowing for him to increase his income, better support his family, and pay restitution." *Id.* at 5. In modifying rather than outright removing the self-employment restriction, however, the Court noted "the need to ensure deterrent effect, protect the public, and account for the characteristics of the defendant. . ." *Id.* at 5-6.

## **Argument**

Roughly one week after this Court's modification of the self-employment condition, Defendant filed the pending Motion, seeking "to expunge the record of his August 2023 [supervised release] violation and related incarceration." Mot. at 1. As the above record demonstrates, however, Defendant's Motion is predicated on a series of obvious falsehoods.

For starters, the revocation proceedings at issue were initiated for more than "allegedly violating *a condition* of supervised release that prohibited self-employment." Mot. at 1 (emphasis added). Defendant's violations were just that—violations, plural. Defendant frames his Motion as singularly concerning the self-employment ban. But he conceded to and was sentenced on four violations, not one. *See* Dkt. ##183, 185, & 192.

Second, the First Circuit did not issue a "ruling striking down this same self-employment condition as unconstitutional." Mot. at 1; *id.* ("[t]he condition forming the basis of the violation was later deemed unlawful by the First Circuit"). As previously discussed, the First Circuit simply issued a remand, emphasizing that "nothing in [its] decision prohibit[ed] the re-imposition of an occupational restriction on remand that satisfies section 5F1.5's requirements." Dkt. #193 at 27. The First Circuit even foot-stomped "that the record certainly would support a finding that an occupational restriction was warranted." *Id.* at 18.

4

Third, in modifying the self-employment restriction, the Court did not "rescind[] the condition," or "itself recognize[] the overreach[.]" Mot. at 2. Defendant's allegations in this regard, especially so close on the heels of the Court's order modifying the condition, show a profound refusal to face facts. His lack of accountability reinforces "the need to ensure deterrent effect, protect the public, and account for the characteristics of the defendant" though the continuation of his supervised release conditions. *See* Dkt. #241 at 5-6.

Finally, the Government emphasizes that this Motion is part of a broader effort by Defendant to frivolously relitigate his underlying criminal case. *See, e.g.*, Order, Dkt. # 241 at 1, Apr. 29, 2025 (disposing of five motions filed by Defendant in 1:21-cr-00061-LEW). In this single calendar year alone, Defendant also has filed eight related civil actions, naming as defendants the Chief U.S. District Judge, U.S. Probation Officers, the former United States Attorney, the undersigned Assistant United States Attorney, the United States of America, the Bangor Daily News, and various John Does. *See* D. Me. Dockets 1:25-cv-00154-LEW, 1:25-cv-00232, 1:25-cv-00187-NT, 1:25-cv-00188-MSM, 1:25-cv-00191-NT, 1:25-cv-00235, 1:25-cv-00243, and 1:25-cv-00244-NT. Defendant's status as a serial litigator may warrant the imposition of filing restrictions, in order to allocate limited judicial resources and promote the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989) ("[t]he continual processing of . . . frivolous [filings] does not promote [the interests of justice]"); *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (courts may impose filing restrictions after providing abusive litigants notice and an opportunity to be heard).

## **Conclusion**

The Motion should be denied.

Dated: May 21, 2025  
      Bangor, Maine

Respectfully submitted,

CRAIG M. WOLFF  
Acting United States Attorney

/s/ ANDREW K. LIZOTTE  
Andrew K. Lizotte, AUSA  
United States Attorney's Office  
202 Harlow Street  
Bangor, Maine 04401  
(207) 262-4636  
Andrew.Lizotte@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on May 21, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and caused a copy via first-class mail to be sent to the following:

  Nathan Reardon, P.O. Box 52, Detroit, ME 04929

         CRAIG M. WOLFF
         Acting United States Attorney

         /s/ ANDREW K. LIZOTTE
         Andrew K. Lizotte, AUSA
         United States Attorney's Office
         202 Harlow Street
         Bangor, Maine 04401
         (207) 262-4636
         Andrew.Lizotte@usdoj.gov