# UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

2025 JUN -2 P 3: 37

UNITED STATES OF AMERICA

v.

Nathan Reardon

Criminal No. 1:21-cr-00061-LEW

## REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO EXPUNGE PROBATION VIOLATION

### INTRODUCTION

Now comes the Defendant, Nathan Reardon, pro se, and respectfully submits this Reply to the Government's Opposition (Dkt. #244) to his Motion to Expunge the Probation Violation. The Government's response fails to meaningfully address the core issues raised by the Defendant, including the misapplication of legal standards, procedural misconduct, and material omissions that led to a fundamentally flawed revocation process.

### RESPONSE TO KEY CLAIMS

1. The Government cites Violation of Special Condition #6 on Page 1, stating that 'Defendant shall not be self-employed.' However, the Defendant was not self-employed during the period in question. Specifically:

- Defendant was not listed on any corporate registration;
- Defendant held no authority over business bank accounts;
- Defendant did not receive compensation or issue invoices;
- Defendant did not sign contracts or exercise decision-making control.

Thus, Defendant did not meet any objective legal criteria for self-employment.

The Government's argument relies on Defendant 'acting as self-employed,' but that is a subjective characterization not grounded in statutory or regulatory definition. The only act cited was a message to a tenant sent prior to the commencement of supervised release. Sending such a message, without more, does not establish self-employment and does not fulfill any formal test for independent contractor or entrepreneurial status.

2. The Government references Defendant's prior concessions to violations during the October 2023 hearing. Defendant maintains that these admissions were made under duress due to his pre-hearing detention, emotional pressure related to his minor children, and lack of full disclosure—specifically, the omission of exculpatory testimony from Unit 8 tenants. These concessions do not equate to knowing, voluntary, and intelligent waivers of his constitutional rights.

3. Defendant reasserts that the revocation proceedings were predicated on incomplete and misleading information, and that the conduct alleged was either non-violative or did not occur while under supervision. For example, the alleged text message predated probation start, and Oswald relied on subjective interpretations rather than objective legal thresholds.

CONCLUSION

WHEREFORE, Defendant respectfully reiterates his request that the Court grant the Motion to Expunge the Probation Violation, or in the alternative, schedule an evidentiary hearing to resolve the contested factual and constitutional issues presented.

Respectfully submitted,

Nathan Reardon
773 Lower Detroit Rd.
Plymouth, ME 04969
nathan@membershipauto.com
(207) 745-7575
Pro Se Defendant