UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATHAN REARDON,<br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent | Nos. 1:21-cr-00061-LEW<br>1:25-cv-00232-LEW |

**GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION PURSUANT TO 28 U.S.C. § 2255**

The Government now responds in opposition to the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Petitioner Nathan Reardon. D 246. Because Reardon filed his § 2255 motion while his direct appeal is still pending before the First Circuit, the Government respectfully requests summary dismissal.

**I.     PROCEDURAL AND FACTUAL OVERVIEW**

On July 5, 2022, Reardon pleaded guilty to five counts of bank fraud relating to falsified loan applications that he submitted seeking pandemic-relief funds. D 136. The Court imposed concurrent twenty-month sentences followed by three years of supervised release on November 2, 2022. D 155. The Court's original judgment included several special conditions of supervised release, one of which prohibited Reardon from self-employment (special condition six). D 159 at 5.

On direct appeal, the First Circuit vacated special condition six, concluding that the self-employment ban was imposed without the district court adequately explaining why it was minimally restrictive. *United States v. Reardon*, 102 F.4th 558, 570 (1st Cir. 2024). The First Circuit stated that it could not "be certain that the district court considered whether the total self-employment ban was the minimum restriction necessary and thus cannot evaluate its analysis for imposing the ban." *Id*. The First

Circuit remanded only that portion of Reardon's sentence "for resentencing limited to a reexamination of the scope of" the self-employment restriction. *Id*. Finally, the First Circuit stated that "nothing in [its] decision prohibits the re-imposition of an occupational restriction on remand that satisfies [Sentencing Guideline] requirements." *Id*.

On remand, the Court held a resentencing hearing and entered an amended judgment that retained both special condition six and special condition seven. D 200; D 258. Reardon filed a notice of appeal of the amended judgment on August 5, 2024. D 203.

Following his resentencing, Reardon has continued to file a multitude of motions challenging his sentence and supervised release conditions, including a motion to modify conditions of release; motion for return of property; motion for declaratory judgment and injunctive relief to restore second amendment rights; and a motion for early termination of supervised release. D 230, 231, 232, 239.[1]

The Court denied all of these motions, with the exception of the motion to modify special condition 6, which it granted in part. D 241. The court was "persuaded that this condition can and should be modified to lessen the burden on Reardon by allowing for him to increase his income, better support his family, and pay restitution." *Id*. at 5. The Court "perceive[d] that the total prohibition of self-employment ha[d] posed special difficulties for Reardon to the extent that he has historically earned income through

---

[1] As a result of Reardon's countless frivolous filings in civil cases, the Court has imposed upon him a filing restriction pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993). *See Reardon v. Domonski*, No. 1:25-cv-00268-JAW, 2025 WL 1797156 (D. Me. June 30, 2025). Pursuant to this restriction, Reardon must seek the Court's permission prior to any future filings. *Id*. at *1.

rental properties." *Id*. Moreover, "Reardon ha[d] worked to comply with the requirement for roughly one year" and had "demonstrated personal progress in this regard." *Id*. Reardon's "interest in rehabilitation [was] also evident, particularly in regard to his desire to pay restitution." *Id*. Accordingly, consistent with "the interest of substantial justice and mindful of the need to ensure deterrent effect, protect the public, and account for the characteristics of the defendant," D 241 at 5-6, the Court modified special condition 6 as follows to allow self-employment under the following limited circumstances:

> 6) Defendant shall not be self-employed other than in the business of rental property ownership and management. Concurrently, he shall maintain continuous employment by a disinterested third party. Defendant shall not open any new businesses, sole proprietorships, partnerships, limited partnerships, or corporations, except as necessary to reestablish himself in the aforementioned business of rental property ownership and management.

*Id*. at 6.

The Court denied, however, Reardon's request for early termination of supervised release. *Id*. at 4-5. The Court stated that it "[did] not believe that early termination [was] warranted, especially as Reardon's second term of incarceration already reduced his term of supervision." *Id*. at 5. Additionally, the Court found that "releasing Reardon from supervision at this time would undermine the deterrent effect of sentencing and the need for supervision to protect the public." *Id*. "Furthermore, the characteristics of the defendant, in particular his umbrage at the idea that he deserves deterrence or poses a threat to the public, and his upset at the terms of his sentence, similarly militate against the early termination of supervision." *Id*. Accordingly, "[u]pon consideration of [the factors enumerated in the statute]," the Court "reject[ed] [Reardon's] request for early termination of supervised release." *Id*.

3

Reardon filed an appeal from the Court's order. D 245. In addition, Reardon subsequently filed a motion for recusal and a motion to "expunge probation violation," D 243, 244, both of which were denied in a marginal order in which the Court deemed Reardon's motions as "untethered from factual reality and the law." D 262. Reardon filed an appeal of that order as well. D 265.

On July 29, 2025, the First Circuit granted the government's motion to consolidate Reardon's three pending appeals. The case was subsequently submitted on the briefs on September 8, 2025. To date, Reardon's most recent consolidated direct appeal remains pending before the First Circuit. *See generally* Docket Sheet.

On May 8, 2025, the Clerk's Office docketed Reardon's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. D 246. Consistent with the Court's most recent order to respond, D 270, the Government now submits its response in opposition to Reardon's § 2255 motion.

## II.    ARGUMENT

### A.    Legal Standards

Title 28 U.S.C. § 2255 sets forth four potential bases upon which a federal prisoner may seek relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Petitioners also have one year from any of four triggering events to file a claim for relief under § 2255(a): (1) "the date on which the judgment of conviction becomes final"; (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

4

removed"; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Importantly, however, a federal prisoner may not pursue his § 2255 collateral attack during the pendency of his direct appeal absent extraordinary circumstances. *See United States v. Gordon*, 634 F.2d 638, 638-39 (1st Cir. 1980) (collecting cases from six other circuit courts and holding same). As the First Circuit has explained, there are strong policy considerations underpinning the adoption of this rule. *Id*. One such policy consideration is conserving judicial resources and avoiding a scenario where duplicative arguments are being advanced simultaneously before both this Court and the First Circuit, which depending on the outcome of the direct appeal may be mooted or meaningfully altered for purposes of the collateral attack. *Id*. at 639. Another policy consideration is that "from the appellant's standpoint the direct appeal affords him not only an opportunity to fully present all his claims in one sitting, but the opportunity to present claims he could not otherwise raise on collateral attack." *Id*. Yet another policy consideration is that the standard of review on direct appeal is "more advantageous to the appellant" than the standard of review for the petitioner on collateral attack. *Id*.

### B.  Reardon's § 2255 Motion is Premature[2]

Where, as here, Reardon's most recent consolidated direct appeal remains pending before the First Circuit, Reardon cannot pursue his § 2255 motion before this Court absent extraordinary circumstances. *See Gordon*, 634 F.2d at 638-39. *See also United States v. Weekes*, 611 F.3d 68, 71 (1st Cir. 2010) (cleaned up) ("We have long recognized that in the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending.").

Because Reardon's § 2255 motion does not identify any exceptional circumstances that would warrant a departure from the First Circuit's longstanding policy of avoiding adjudicating contemporaneous direct appeals and collateral attacks, ruling on the merits of Reardon's § 2255 motion while his direct appeal is still pending before the First Circuit is "premature," and the appropriate procedure is to dismiss Reardon's current § 2255 motion without prejudice. *Weekes*, 611 F.3d at 72. *See also Caison v. United States*, No. 1:19-CR-00152-LEW-1, 2022 WL 4482705, at *1 (D. Me. Sept. 27, 2022) (dismissing premature § 2255 motion without prejudice and explaining "[w]hen faced with an unresolved appeal and a premature § 2255 motion, the proper procedure in the First Circuit is to dismiss the motion without prejudice.").

These considerations apply equally here to Reardon's direct appeal from the Court's revocation of supervised release. There is substantial overlap between the issues raised in Reardon's pending appeal and his § 2255 motion. *Compare* Appeal # 24-1724:

---

[2]  The Government does not waive any other defenses it may have available as to this collateral attack, and the Government respectfully requests leave to supplement its response in the event the Court finds extraordinary circumstances to entertain Reardon's § 2255 motion while his direct appeal is still pending before the First Circuit.

("Whether the district court violated this Court's mandate by reinstating previously vacated probation conditions, specifically restrictions on self-employment") *with* pending § 2255 motion: (Raising ineffective assistance of counsel claim based on allegation that counsel "failed to secure or formally submit a request to amend supervised release conditions to allow self-employment, despite multiple requests from Defendant via text and email."). The resolution of Reardon's direct appeal will significantly impact the procedural and substantive viability of the claims raised in Reardon's collateral attack. Accordingly, the interests in "conserving judicial resources" and "avoiding a scenario where duplicative arguments are being advanced simultaneously before both this Court and the First Circuit," *see Gordon*, 634 F.2d at 639, would be well-served by dismissing Reardon's § 2255 motion pending resolution of his direct appeal. If Reardon wishes to refile this collateral attack or file a new § 2255 motion, he may do so after the conclusion of his direct appeal.

### III. CONCLUSION

For all the reasons set forth above, the Government asks that the Court dismiss without prejudice Reardon's 28 U.S.C. § 2255 motion and decline to issue a certificate of appealability.

Dated: September 24, 2025

Respectfully submitted,

CRAIG M. WOLFF
United States Attorney

By: */s/ Brian S. Kleinbord*
Brian S. Kleinbord
Assistant U.S. Attorney
U.S. Attorney's Office
100 Middle Street
Portland, ME 04101
(207) 780-3257
Brian.Kleinbord@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2025, I caused the foregoing response to be electronically filed with the Clerk of Court using the CM/ECF system and mailed a copy of the same to:

Nathan Reardon
P.O. Box 52
Detroit, ME 04929.

                                                    CRAIG M. WOLFF
                                                    United States Attorney

                              By:     */s/ Brian S. Kleinbord*
                                          Brian S. Kleinbord
                                          Assistant U.S. Attorney
                                          U.S. Attorney's Office
                                          100 Middle Street
                                          Portland, ME 04101
                                          (207) 780-3257
                                          Brian.Kleinbord@usdoj.gov