UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATHAN REARDON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 1:21-cr-00061-LEW-1<br>1:25-cv-00232-LEW |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 246.) The Government asks the Court to dismiss the matter because he has a pending direct appeal.[1] (Response, ECF No. 285.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion without prejudice.

## DISCUSSION

Following a guilty plea, Petitioner was found guilty of five counts of bank fraud in violation of 18 U.S.C. § 1344; in November 2022, the Court sentenced Petitioner to twenty months in prison to be followed by three years of supervised release. (Judgment, ECF No. 159.) Petitioner filed an appeal. (Notice of Appeal, ECF No. 161.) Petitioner completed the custodial portion of the sentence, began serving the period of supervised release, and

---

[1] Petitioner recently filed a motion for the Court to consider the Government's response as non-responsive and to grant summary disposition in his favor. (Motion, ECF No. 290.) Contrary to Petitioner's contention, the applicable rules do not prevent the Government from arguing that Petitioner's § 2255 motion is premature. Petitioner's motion to consider the Government's response as non-responsive is denied.

the Court subsequently revoked Petitioner's supervised release based on four violations of the conditions of release. (Revocation Report, ECF No. 179).  In October 2023, the Court sentenced Petitioner to nine months in prison to be followed by twenty-five months of supervised release. (Revocation Judgment, ECF No. 185.)  Petitioner filed an appeal from the revocation judgment. (Notice of Appeal, ECF No. 187.)

In May 2024, the First Circuit issued its opinion in the original appeal, remanding for reconsideration and explanation of the special condition of supervised release that prohibited Petitioner from engaging in all forms of self-employment during his supervised release term. *United States v. Reardon*, 102 F.4th 558, 559 (1st Cir. 2024).  In July 2024, after further consideration of the self-employment prohibition, the Court reimposed the special condition. (Amended Judgment, ECF No. 201.)  Petitioner filed an appeal from the amended judgment, which appeal remains pending. (Notice of Appeal, ECF No. 203.)  In August 2024, the First Circuit affirmed the revocation judgment. *United States v. Reardon*, 111 F.4th 142, 144 (1st Cir. 2024).

In March 2025, Petitioner filed several motions, including a motion to modify the conditions of or terminate his supervised release. (Motion to Modify Conditions of Supervised Release, ECF No. 230; Motion for Return of Property, ECF No. 231; Motion to Restore Second Amendment Rights, ECF No. 232; Motion for Joinder, ECF No. 237; Motion for Early Termination of Supervised Release, ECF No. 239.)  In April 2025, the Court modified the prohibition on self-employment to allow Petitioner to operate a property rental business while on supervised release and otherwise denied the other

motions. (Order, ECF No. 241.) Petitioner appealed from the order denying his requests, which appeal remains pending. (Notice of Appeal, ECF No. 245.)

Petitioner filed his § 2255 motion in May 2025. (Motion, ECF No. 246.) Petitioner has also filed several other motions, which the Court has denied. (Motion to Recuse, ECF No. 210; Order, ECF No. 214; Motion to Recuse, ECF No. 243; Motion to Expunge Probation Violation, ECF No. 244; Order, ECF No. 262.) Petitioner appealed from the orders, which appeals remain pending. (Notices of Appeal, ECF Nos. 218, 265.)

"[I]n the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending . . . ." *United States v. Gordon*, 634 F.2d 638, 638 (1st Cir. 1980) (internal quotation marks omitted); *see also*, *United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995). The reasons for the rule are "that disposition of the appeal may render the [§ 2255 motion] unnecessary," *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (internal quotation marks omitted), and it minimizes the risk of conflicting judicial determinations, *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981). When faced with an unresolved appeal and a premature § 2255 motion, the proper procedure in the First Circuit is to dismiss the motion without prejudice. *United States v. Weekes*, 611 F.3d 68, 72 (1st Cir. 2010). Because the record demonstrates that there is a pending direct appeal of the amended judgment and several pending appeals of other related orders, the Court should dismiss the § 2255 motion without prejudice unless Petitioner has demonstrated that exceptional circumstances support a departure from the usual procedure.

Petitioner primarily argues that the Government has not raised the issue of his appeals for legitimate reasons (such as judicial economy and avoiding the possibility of conflicting adjudications) but to delay unreasonably the Court's consideration of his collateral attack. Even if a lengthy delay of a meritorious claim would justify proceeding with a § 2255 motion despite a pending appeal, Petitioner's argument would fail. While some courts considered a § 2255 motion with a pending appeal where a petitioner made an argument similar to Petitioner's argument, courts have done so when the Government appealed rather than the defendant and when there was a "complete dichotomy" between the issues raised in the appeal and in the § 2255 motion. *See United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006). Here, there is a meaningful overlap between the issues on appeal and the issues generated by Petitioner's § 2255 motion.[2] Further, unlike in *Prows*, Petitioner, rather than the Government, has filed the pending appeal. The circumstances cannot reasonably be construed as extraordinary warranting consideration of the § 2255 motion while the appeal is pending. *See Taylor v. United States*, No. C23-1116RSL, 2023 WL 6215325, at *3 (W.D. Wash. Sept. 25, 2023) (dismissing without prejudice a § 2255 motion because of a pending second appeal of a resentencing decision).

---

[2] For example, one of Petitioner's appeals challenges the Court's decision to reimpose the special condition regarding self-employment during supervised release, but more than one of Petitioner's § 2255 claims is based on Petitioner's contention that counsel provided ineffective assistance by failing to challenge adequately or seek to modify the special condition prohibiting or limiting self-employment. Petitioner also appeals from the denial of his motion to expunge the probation violation that was based on the self-employment prohibition condition.

Because Petitioner has not established that exceptional circumstances warrant a departure from the usual procedure, dismissal of the motion without prejudice to Petitioner's ability to file a § 2255 motion after his direct appeal is resolved is appropriate.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court dismiss without prejudice Petitioner's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 21st day of October, 2025.