# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

NATHAN REARDON

### DEFENDANT'S MOTION TO STAY ENFORCEMENT OF RESTITUTION PENDING APPEAL

**INTRODUCTION**

Defendant Nathan Reardon respectfully moves this Court, pursuant to 18 U.S.C. § 3664, Federal Rule of Criminal Procedure 38(e), and the Court's inherent authority, for an order staying enforcement of restitution obligations in full pending resolution of his ongoing appellate and post-conviction proceedings.

This motion does not seek modification of the payment schedule. Instead, Defendant seeks a complete stay of enforcement to preserve the status quo and prevent irreparable harm while appellate review remains active.

**BACKGROUND**

Mr. Reardon's term of probation is scheduled to terminate on or about May 8, 2026. Upon termination, enforcement of restitution will immediately transition from supervised payment conditions to unrestricted federal civil collection mechanisms, including garnishment, liens, and seizure.

At the same time, Mr. Reardon has active appellate and post-conviction proceedings pending before the United States Court of Appeals for the First Circuit, which directly implicate the validity and scope of the underlying judgment.

This creates a critical timing conflict: enforcement escalation occurs before appellate review is resolved.

**ARGUMENT**

I. THE COURT HAS AUTHORITY TO STAY RESTITUTION

Under 18 U.S.C. § 3664 and Federal Rule of Criminal Procedure 38(e), this Court retains authority to stay enforcement of restitution pending appeal on appropriate terms.

## II. IMMEDIATE ENFORCEMENT WILL CAUSE IRREPARABLE HARM

Absent a stay, Defendant will be subjected to immediate and aggressive federal collection actions upon termination of probation on May 8, 2026, including wage garnishment, bank levies, property liens, and asset seizure.

Funds collected during the pendency of appellate proceedings are functionally unrecoverable, even if Defendant ultimately prevails. This constitutes permanent financial deprivation without meaningful remedy.

Additionally, forced collection will impair Defendant's ability to fund and pursue active appeals and undermine the integrity of ongoing judicial review.

## III. A COMPLETE STAY IS REQUIRED

Partial measures are insufficient. Once probation ends, enforcement shifts to federal collection authority that operates independently of the Court's supervisory structure. Only a full stay preserves Defendant's appellate rights and prevents irreparable harm.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court:

1. Stay enforcement of all restitution obligations in full pending resolution of all appellate and post-conviction proceedings; and
2. Grant such further relief as the Court deems just and proper.


DATED: May 3, 2026

Nathan Reardon
Pro Se
PO Box 52
Detroit, ME 04929
nathan@membershipauto.com
207-745-7575