## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

NATHAN REARDON,
    Petitioner,

    v.

UNITED STATES OF AMERICA,
    Respondent.

No. 1:21-cr-00061-LEW

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR PROMPT ADJUDICATION OF INTENDED -LOSS SENTENCING CLAIM**

The Government opposes Defendant Nathan Reardon's pro se Motion for Prompt Adjudication of Intended-Loss Sentencing Claim. Dkt. 344.

Reardon's current motion is meritless and devoid of any factual or legal support. Reardon's claim is also procedurally infirm as he raises a new sentencing claim years after his judgment became final. He cites no legal basis upon which he is entitled to the requested relief. *See United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017) ("When—as in this case—a judgment of conviction is entered upon imposition of a sentence, that sentence is a final judgment and, therefore, may only be modified by the sentencing court in certain limited circumstances."). Reardon has failed to identify any such circumstance here.

Moreover, this motion is part of a broader effort by Reardon to frivolously relitigate his underlying criminal case. As a result of Reardon's countless frivolous filings in civil cases, the Court has imposed upon him a filing restriction pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993). *See Reardon v. Domonski*, No. 1:25-cv-00268-JAW, 2025 WL 1797156 (D. Me. June 30, 2025). Pursuant to this restriction, Reardon "shall not bring any additional pro se complaints within this

1

District without first obtaining an order allowing the filing." *Id*. at \*8. Likewise, the First Circuit recently issued an order denying Reardon's motion for limited remand in a closed appeal, and directed the clerk "not to accept any further filings from Appellant in this closed appeal." *See* May 29, 2026 Order, *United States v. Reardon*, 102 F.4th 558 (1st Cir. 2024) (No. 22-1883).

To the extent the Court determines that this motion is in any respect non-frivolous, the Government would respectfully reserve its right to supplement the instant response. If the Court concludes that the motion is frivolous, however, it should consider placing some limits on Reardon's motions practice. *See United States. v. Gómez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005) (federal courts may "enjoin a party—even a pro se party—from filing frivolous and vexatious motions").

Dated:  June 2, 2026

Respectfully submitted,

ANDREW B. BENSON
United States Attorney

By:  */s/ Brian S. Kleinbord*
Brian S. Kleinbord
Assistant U.S. Attorney
U.S. Attorney's Office
100 Middle Street
Portland, ME 04101
(207) 780-3257
Brian.Kleinbord@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2026, I caused the foregoing response to be electronically filed with the Clerk of Court using the CM/ECF system which will provide notification of such filing to the following:

Nathan Reardon
P.O. Box 52
Detroit, ME 04929

ANDREW B. BENSON
United States Attorney

By:    */s/ Brian S. Kleinbord*
Brian S. Kleinbord
Assistant U.S. Attorney
U.S. Attorney's Office
100 Middle Street
Portland, ME 04101
(207) 780-3257
Brian.Kleinbord@usdoj.gov

3