UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:21-cr-00061-SDN |
| NATHAN REARDON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OMNIBUS ORDER**

In July 2022, Defendant Nathan Reardon pled guilty to five counts of bank fraud in violation of 18 U.S.C. § 1344. ECF No. 136. The Court sentenced him to 20 months of imprisonment and three years of supervised release. ECF No. 159. Mr. Reardon later violated the terms of his supervised release. In October 2023, after revocation proceedings, the Court sentenced him to nine months of imprisonment and 25 months of supervised release for violating those terms. ECF No. 185. Mr. Reardon's supervised release ended in May 2026. *See* ECF Nos. 185, 341, 349.

On May 8, 2025, Mr. Reardon filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. 246. Due to the pendency of a direct appeal by Mr. Reardon, the Court dismissed without prejudice Mr. Reardon's § 2255 Motion for habeas relief. ECF No. 303. Mr. Reardon then appealed the order dismissing his § 2255 Motion. ECF No. 304. The First Circuit denied his requests for a certificate of appealability and limited remand. ECF No. 369. Despite the fact that Mr.

Reardon had no pending § 2255 Motion, he has consistently asked this Court to act on this dismissed motion.

Between December 2025 and September 2026, after his § 2255 Motion was dismissed, Mr. Reardon filed fifteen motions with this Court:

1. Motion to Dismiss Indictment for Lack of a Lawfully Appointed United States Attorney, ECF No. 317;
2. Motion to Compel Disclosure of Appointment Authority and Acting U.S. Attorney Status of May 13, 2021, ECF No. 318;
3. Motion for Sanctions, Evidentiary Findings, and Supervisory Relief Against Probation Officer Mitchell Oswald, ECF No. 319;
4. FOIA Request — Audio and/or Video Recording of Court Proceedings, ECF No. 323;
5. Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), ECF No. 327;
6. Motion for Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1, ECF No. 328;
7. Motion to Adjudicate 28 U.S.C. § 2255 Petition on the Merits, ECF No. 337;
8. Motion to Stay Enforcement of Restitution Pending Appeal, ECF No. 340;
9. Motion for Prompt Adjudication of Intended-Loss Sentencing Claim, ECF No. 344;
10. Motion for Recusal, ECF No. 351;
11. Motion for Leave to Conduct Limited Rule 6 Discovery Regarding Government-Connected Prejudicial Publicity, Venue Prejudice, Witness Pressure, and Plea Voluntariness, ECF No. 352;

12. Motion for Status Conference and Ruling on Pending Motion Regarding Compliance with First Circuit Mandate, ECF No. 354;
13. Motion for Status Conference and Prompt Ruling on ECF No. 337, Motion to Adjudicate 28 U.S.C. § 2255 Petition on the Merits, ECF No. 361;
14. Motion for Court-Ordered Disclosure and Preservation of United States Probation Records, ECF No. 364; and
15. Request for Leave to File Under *Cok* Restriction and Motion to Unseal Search Warrant and Related Judicial Records, or Alternatively for In Camera Review and Redacted Disclosure, ECF No. 365.

As of the date of this Order, the Government has filed responses in opposition to all of Mr. Reardon's filings except for ECF No. 364. *See* ECF Nos. 320, 321, 322, 325, 334, 338, 346, 350, 353, 359, 360, 362, 367.

Given the volume of filings and the overlap between the issues presented, the Court in this order will group the filings into three sections: (1) motions related to Mr. Reardon's original § 2255 Motion, ECF Nos. 318, 327, 328, 337, 340, 344, 352, 354, 361, 365; (2) motions related to probation officers, ECF Nos. 319, 364; and (3) motions related to court proceedings and judicial officers, ECF Nos. 317, 323, 351.

The Court recognizes the deadlines for responses and replies to the more recent motions have not yet expired. In its discretion, the Court nonetheless resolves those motions in this Order, both to clarify the status of this case and to promote orderly management of its docket.

For the reasons stated below, the Court dismisses Mr. Reardon's motions related to the § 2255 Motion as moot, ECF Nos. 318, 327, 328, 337, 340, 344, 352, 354, 361, 365,

and denies both the motions related to probation officers, ECF Nos. 319, 364, as well as the motions related to court proceedings and judicial officers. ECF Nos. 317, 323, 351.[1]

## I. Motions Related to the § 2255 Motion

In his motions related to the dismissed § 2255 Motion, Mr. Reardon requests the Court take various actions on his Motion to Set Aside, Vacate, or Correct Sentence under 28 U.S.C. § 2255. ECF Nos. 318, 327, 328, 337, 340, 344, 352, 354, 361, 365.

Mr. Reardon's § 2255 Motion, ECF No. 246, is not pending before this Court, and therefore his numerous motions related to it face two insurmountable bars. First, each of these motions ask the Court to take affirmative action on what Mr. Reardon characterizes as his "pending constitutional claims." *E.g.*, ECF No. 352. But the Court dismissed Mr. Reardon's § 2255 Motion without prejudice on November 21, 2025, ECF No. 303, and the First Circuit denied both a certificate of appealability and his request for limited remand, ECF No. 369. Because there is no pending habeas motion, there are no "pending constitutional claims," ECF No. 352, upon which the Court may act. *Cf. Adams v. Landry*, No. 17-CV-00357, 2018 WL 2027087, at *3 (D. Me. May 1, 2018) (noting dismissal without prejudice means a party "may refile the motion at the appropriate time without being affected by the dismissal").

Second, Mr. Reardon's period of supervised release ended in May 2026. *See* ECF Nos. 341, 349. Any individual seeking post-conviction relief under § 2255 must be "in custody." 28 U.S.C. § 2255(a). Now that Mr. Reardon is no longer in prison or serving a

[1] The Court is aware that Mr. Reardon has two pending actions before the First Circuit related to this case. *See Pet. for Writ of Mandamus Under 28 U.S.C. § 1651(a) and Fed. R. App. P. 21*, Dkt. No. 26-2072 (1st Cir. 2026); *Order of Court*, Dkt. No. 26-1119 (1st Cir. 2026). But it is "well established in this circuit that a district court can proceed, notwithstanding the technical pendency of an appeal, when it is clear that the appeal 'constitutes a transparently frivolous attempt to impede the progress of the case.'" *Glob. Naps, Inc. v. Verizon New Eng., Inc.*, 489 F.3d 13, 19 (1st Cir. 2007) (quoting *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998)).

period of supervised release, he is no longer "in custody" and therefore unable to pursue his § 2255 claim. *Cf. Rosario v. United States*, 389 F. Supp. 3d 122, 131 (D. Mass. 2019) (citing *Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963)) ("[T]he Supreme Court has held that a criminal defendant is 'in custody' if he has been released on parole (or supervised release)."); *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (a habeas petitioner is not "in custody" after their sentence has fully expired).

Taken together, these circumstances render moot Mr. Reardon's motions related to his previously dismissed § 2255 Motion. Because Mr. Reardon is no longer "in custody" for purposes of habeas relief, he may not obtain relief from this Court by refiling his motion. Accordingly, Mr. Reardon's motions related to his § 2255 Motion, ECF Nos. 318, 327, 328, 337, 340, 344, 352, 354, 361, 365, must be dismissed as moot.

## II. Motions Related to Probation Officers

Mr. Reardon also moves for orders against a United States Probation Officer and the United States Probation Office for the District of Maine. ECF Nos. 319, 364.

In his first motion, Mr. Reardon "seeks sanctions, evidentiary findings and supervisory relief solely and exclusively against United States Probation Officer Mitchell Oswald." ECF No. 319. He alleges Officer Oswald mismanaged "evidence-handling and chain-of-custody requirements" during an August 2023 search of his home. Specifically, he claims Officer Oswald failed to "properly log" a T-shirt wrapped around a firearm and denied that the T-shirt existed. *See* ECF. No. 319. The record does not support sanctions. Officer Oswald's August 16, 2023, revocation petition identifies and describes the T-shirt. The probation office thus documented the T-shirt six days after the search. ECF No. 167. Mr. Reardon also offers no evidence that Officer Oswald engaged in prejudicial misconduct. The Court therefore denies the requested relief. Next, Mr. Reardon asks the

Court to order "the United States Probation Office for the District of Maine to preserve and disclose records concerning the May 2026 supervised-release violation investigation, petition, warrant, arrest, and withdrawal of the revocation proceedings." ECF No. 364. He argues the documents are "relevant to pending and contemplated proceedings in which the chronology of the revocation episode, the factual basis for the petition, and communications among government and judicial actors are disputed or material." *Id.*

Mr. Reardon has no right to postconviction discovery. *See United States v. Nobles*, 422 U.S. 225, 235 (1975); *United States v. Gadson*, No. 19-CR-00122, No. 21-CR-00163, 2025 WL 1000991, at *5 (D. Me. Apr. 3, 2025). As neither the rules of criminal procedure nor case law require "production of a probation officer's entire file," requests for "material within the USPO's files should be narrowly tailored to seek *only* evidence that would be used against the defendant during the revocation hearing or that could be used to exculpate the allegations." *United States v. Rivera-Rodríguez*, 321 F. Supp. 3d 278, 280-81 (D.P.R. 2018) (emphasis in original). Here, Mr. Reardon is neither facing revocation proceedings nor serving a term of supervised release, and he fails to explain how the requested records are relevant to "pending" or "contemplated" proceedings. ECF No. 364 at 2.

Moreover, the Government represented that it obtained no search warrants in connection with the investigation and produced all other relevant documents during the original proceedings. ECF No. 367. Accordingly, the Court denies Mr. Reardon's discovery request and Mr. Reardon's motions related to probation officers.

## III. Motions Related to Court Proceedings and Judicial Officers

In this series of filings, Mr. Reardon asks the Court to dismiss his indictment, ECF No. 317, to produce audio and video recordings of court proceedings under the Freedom of Information Act, ECF No. 323, and to order the recusal of Judge Nivison, ECF No. 351.

First, Mr. Reardon seeks dismissal of his indictment "on the ground that it was brought at a time when no lawfully [sic] United States Attorney existed in the District of Maine, rendering the indictment void." ECF No. 317. Mr. Reardon argues an interim United States Attorney obtained the indictment, the appointment itself was unlawful, and the indictment is therefore defective. *Id.* His argument fails regardless of the appointment's validity, because dismissal is not the appropriate remedy. *See, e.g., United States v. Ruiz Rijo*, 87 F. Supp. 2d 69, 71 (D.P.R. 2000), *aff'd sub nom. United States v. Valdez-Santana*, 279 F.3d 143 (1st Cir. 2002). (A defendant's "remedy would not be the dismissal of his indictment, for the appointment does not affect [his] basic constitutional rights."). The Court therefore denies the motion.

Second, Mr. Reardon submits a "formal request under the Freedom of Information Act" for "the complete audio recording and any video recording of the court proceedings conducted before the Honorable Lance E. Walker on August 24, 2023." ECF No. 323. The Freedom of Information Act does not apply to federal courts. *United States v. Casas*, 376 F.3d 20, 22 (1st Cir. 2004); 5 U.S.C. § 551(1)(B) (excluding "the courts of the United States" from obligations under the Freedom of Information Act). Therefore, the Court denies Mr. Reardon's request.

Lastly, Mr. Reardon requests Judge Nivison "recuse himself from further participation in matters involving" him because the "combination of prior recusal requests, pending appellate proceedings, pending judicial misconduct complaints, the

circumstances surrounding the May 2026 arrest, and the subsequent dismissal of the revocation proceedings creates an appearance of partiality sufficient to cause a reasonable observer to question [Judge Nivison's] impartiality." ECF No. 351.

Federal law requires judicial officers to disqualify themselves when their "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or when they have an actual conflict of interest, *id.* § 455(b). The test is objective, "asking whether or not there are 'facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge or even necessarily in the mind of the litigant filing the motion, but rather in the mind of the reasonable person.'" *Reardon v. Tegna E. Coast Broadcasting, LLC.*, No. 25-CV-00256, 2025 WL 2320670, at *1 (D. Me. Aug. 12, 2025) (quoting *United States v. Kelley*, 712 F.2d 884, 890 (1st Cir. 1983)). "Prior adverse rulings alone cannot, of course, be the basis for a motion to recuse." *Panzardi Alvarez v. United States*, 879 F.2d 975, 984 (1st Cir. 1989). A judge's previous involvement with a litigant also does not require recusal. *See id.* at 985. And, a litigant cannot "fabricate an actual conflict by simply suing or bringing a complaint against the judge." *Reardon*, 2025 WL 2320670, at *1 (citing *United States v. Pryor*, 960 F.3d 1, 3 (1st Cir. 1992)). Mr. Reardon's recusal motion provides no basis for a reasonable observer to question Judge Nivison's impartiality. The Court therefore denies the motion.

## IV. *Cok* Warning

Mr. Reardon's repeated, overlapping filings burden the Court's docket and impede the orderly resolution of his requests for relief. Many seek action on a § 2255 motion the Court has already dismissed. The First Circuit has recognized that trial courts "plainly possess discretionary powers to regulate the conduct of abusive litigants." *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34 (1st Cir. 1993); *see also United States v. Gomez-Rosario*, 418 F.3d

90, 101 (1st Cir. 2005) ("This power includes the ability to enjoin a party—even a *pro se* party—from filing frivolous and vexatious motions.").

In accordance with *Cok*, this Order serves as formal notice that filing restrictions are imminent if Mr. Reardon continues his current course of conduct. 985 F.2d at 35. The Court is prepared to require Mr. Reardon to file a "Motion for Leave" before any future documents are accepted for the docket in this case. To obtain leave, Mr. Reardon would have to submit a motion for leave to file, attach the proposed filing, and certify that the filing is:

1) Directly relevant to a matter currently pending before the Court; and
2) Not duplicative of information or arguments already submitted.

If the Court imposes these restrictions, it will review all proffered filings and authorize docketing only if the filing satisfies these requirements. Unless Mr. Reardon immediately alters his filing practices, these restrictions will be implemented.

## V. Conclusion

For the foregoing reasons, the Court **DISMISSES AS MOOT** Mr. Reardon's motions related to habeas relief, ECF Nos. 318, 327, 328, 337, 340, 344, 352, 354, 361, 365. The Court also **DENIES** Mr. Reardon's motions related to probation officers, ECF Nos. 319, 364, and motions related to court proceedings and judicial officers, ECF Nos. 317, 323, 351. Finally, the Court warns Mr. Reardon that if he continues filing duplicative motions, he may be subject to *Cok* filing restrictions.

**SO ORDERED.**

Dated this 16th day of October, 2026.

/s/ Stacey D. Neumann

**UNITED STATES DISTRICT JUDGE**